UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| CAIN'S BARBER COLLEGE AND STYLING SCHOOL INCORPORATED; CHICAGO TITLE LAND TRUST COMPANY as Trustee for Land Trust No. 1095817; JESSICA PEARSON CAIN a/k/a JESSICA D. PEARSON; and CAIN'S BARBER COLLEGE, INC., | ) ) ) ) ) ) ) ) | Civil No. 07-2695 |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Pursuant to Rule 60(b), Defendants Cain's Barber College & Styling School Incorporated and Jessica Pearson Cain ("Defendants") filed this motion to vacate ("Motion") our January 7, 2011 order granting default judgment ("Order") to Plaintiff, the United States. Fed. R. Civ. P. 60(b). (Mot.; Ord. 1/7/11.) Defendants' Motion is denied.[1]

---

[1] In its Response to Defendants' Motion, Plaintiff moves to deem certain facts admitted due to Defendants' failure to respond to Plaintiff's requests for admission. (Resp. at 2–3.) Plaintiff indicates that Defendants, as well as Cain's Barber College, Inc., were served with these requests for admission on December 28, 2010. (*Id.* at 2.) Because Defendants, as well as Cain's Barber College, Inc., failed to respond within the thirty days allotted by the federal rules, Plaintiff seeks to have certain facts in the requests for admission deemed pursuant to Rule 36(a)(3). Fed. R. Civ. P. 36(a)(3). With respect to Defendants, we grant Plaintiff's motion.

With respect to Cain's Barber College, Inc., however, Plaintiff's motion was untimely when raised on February 4, 2011. Although Plaintiff claims to have served the requests for admission on Cain's Barber College, Inc. on December 28, 2010, Cain's Barber College, Inc. did

In pertinent part, Rule 60(b) allows a party to seek relief from a final judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Regarding a default judgment, the Seventh Circuit has understood Rule 60(b) to require the party seeking relief from the judgment to demonstrate "(1) good cause for its default; (2) quick action to correct the default; and (3) a meritorious defense to the plaintiff's complaint." *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996). Relief under Rule 60(b) is "an extraordinary remedy to be granted in exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). Thus, the decision whether or not to vacate a default is left to the "sound discretion of the district court." *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007).

Defendants ask us to vacate our Order, because they claim "there was confusion regarding when the Response to the Second Amended Complaint was due." (Mot. ¶ 6.) Defendants point to a minute entry from December 7, 2010 as the source of this confusion. That entry indicated:

> The government's oral motion to file amended complaint to add defendant is granted. New defendant is to be served within forty‑five days (1/24/11). Defendants are to file motion to dismiss with supporting memoranda twenty days thereafter. (2/14/11). Government to respond to defendants' motion to dismiss twenty days thereafter. (3/7/11). Defenants [sic] to reply ten days thereafter (3/17/11). All Discovery ordered closed by 4/1/2011. Real date. Parties to file a joint pretrial order and/or dispositve [sic] motions

---

not receive initial service of process until January 10, 2011. (Resp. at 2; Dkt. No. 54.) In the absence of effective initial service, Plaintiff's service of the requests for admission on December 28, 2010 was improper and its motion was untimely when filed. Thus, we decline to rule on Plaintiff's motion with respect to Cain's Barber College, Inc. Of course, Plaintiff remains free to re-raise its motion in light of Cain's Barber College, Inc.'s continued unresponsiveness. But such a motion is likely unnecessary in light of our entering of default judgment against Cain's Barber College, Inc. on February 7, 2011. (Dkt. No. 62.)

> with supporting memorandum in open court on 5/5/2011 at 10:30 AM. Judicial staff mailed notice[.]

(Dkt. No. 45.) Based on this minute entry, Defendants claim they "believed that a response to the Second Amended Complaint was not due until February 14, 2011." (Mot. ¶ 7.)

The minute entry clearly provided that the new defendant, Cain's Barber College, Inc., was to be served *"within* forty-five days" of the filing of the Second Amended Complaint. In other words, the deadline for serving Cain's Barber College, Inc. was January 24, 2011, but Plaintiff was free to execute service prior to this date. Defendants, both of whom had already received initial service in conjunction with the earlier complaints, would have received electronic service of the Second Amended Complaint on the filing date, December 7, 2010. (Dkt. Nos. 6, 28, 46.) The service of the Second Amended Complaint—whether on or before January 24, 2011 for Cain's Barber College, Inc. or on December 7, 2010 for the existing Defendants—would then act as a trigger requiring Defendants to file a motion to dismiss, if at all, "twenty days *thereafter*."

Defendants apparently made two mistakes in interpreting this minute entry. First, Defendants interpreted the parenthetical date listed in the minute entry after the sentence regarding the filing of any motion to dismiss as establishing a fixed deadline rather than one dependent on the date of service of the Second Amended Complaint. Defendants apparently relied on the parenthetical date despite the text of the minute entry's contrary implication that the date to file a motion to dismiss was linked to the date of service, as is typical under the federal rules. *See* Fed. R. Civ. P. 12(a)(1) (linking the time period for filing a responsive pleading to the date of service or, where the defendant waives service, to the day the request for waiver of service was sent). Second, Defendants also assumed that the deadline applicable to Cain's

Barber College, Inc. would apply to them, as well. Defendants made this assumption despite the fact that, as existing parties to the case, they received electronic service of the Second Amended Complaint on December 7, 2010. Defendants also made this assumption despite their prior failure to answer the First Amended Complaint, which had been filed a full seventeen months before on June 12, 2009. (Dkt. No. 28.)

Defendants' apparent mistakes in misconstruing the minute entry do not establish "good cause" for its default. *Swaim*, 73 F.3d at 722. Rule 15(a)(3) establishes the deadline for responding to an amended complaint:

> Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a)(3). As indicated, Defendants had already failed to answer Plaintiff's First Amended Complaint of June 12, 2009 for seventeen months, and thus the "time remaining to respond" to the original pleading had long since passed as of December 7, 2010. In light of this fact, Rule 15(a)(3) provided a deadline of fourteen days for Defendants to respond to the Second Amended Complaint. To the extent Defendants thought the minute entry changed the relevant deadline, they should have been clear on this point in light of their prior unresponsiveness, the plain text of Rule 15(a)(3), and typical practice under Rule 12(a). Fed. R. Civ. P. 12(a), 15(a)(3). Thus, we do not believe confusion about the minute entry was "good cause" for Defendants' default. *Swaim*, 73 F.3d at 722.

Furthermore, even if Defendants' mistakes regarding the minute entry could be excused, they do not explain Defendants' continuing procedural nonfeasance. Indeed, Defendants have failed to take "quick action to correct the default" under any possible interpretation of the minute

order. *Swaim*, 73 F.3d at 722. February 14, 2011 has come and gone and yet Defendants have not provided any answer to the Second Amended Complaint or filed any motion to dismiss. Furthermore, even if Defendants were confused about when they had to respond to the Second Amended Complaint, this confusion does not explain their failure to respond to Plaintiff's motion for a default judgment. (Dkt. Nos. 48–49.) If Defendants' were in fact relying on a mistaken interpretation of the minute entry, then Plaintiff's seeking of a default judgment as of December 22, 2010 ought to have disabused them of that interpretation. Defendants' failure to take any action prior to the filing of this Motion on February 3, 2011 is more consistent with their well-established pattern of carelessness than an innocent misreading of a minute entry.

    We deny Defendants' Motion. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: March 1, 2011